IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARKELL FRANCOIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-935-JLH |
| | ) |
| THOMAS DILLON KASHNER, in his | ) |
| individual capacity, and RYAN ANTHONY | ) |
| JONES, in his individual capacity, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Kashner's Motion to Dismiss pursuant to Rule 12(b)(6). (D.I. 14.) The motion will be DENIED.

Plaintiff filed an Amended Complaint on October 18, 2023. (D.I. 10.) For purposes of ruling on the pending motion to dismiss, the Court assumes that the following allegations in the Amended Complaint are true. On November 5, 2022, Plaintiff Markell Francois drove to the 7-Eleven on 210 W. Market Street, Newport, Delaware, to pick up a DoorDash order. When Plaintiff arrived at 7-Eleven, he parked in front of a gas pump and walked inside the store. While inside waiting for his order, Plaintiff observed Defendant Officer Thomas Dillon Kashner approach his car, stick his head into an open car window, and look inside. Plaintiff left the store and told Officer Kashner he did not have permission to search the car. Officer Kashner responded by asking Plaintiff to turn the car off. Plaintiff explained to Officer Kashner that the car was not on but proceeded to take his keys out of the ignition to comply with Officer Kashner's request. While taking out his keys, Plaintiff's pocket hit the car, making a thumping noise. Officer Kashner followed Plaintiff back inside the 7-Eleven and accused Plaintiff of having a gun, which Plaintiff denied by showing Officer Kashner that he had two cellphones in his pocket, which caused the thud.

By that time, Plaintiff's order was ready. When Plaintiff got in his car to deliver the DoorDash order, he noticed Officer Kashner parked behind him in a patrol vehicle. Feeling uneasy, Plaintiff moved his car to an open parking spot in front of the store, hoping video surveillance would capture any further interactions with Officer Kashner. After Plaintiff had been sitting in his car for several minutes, Officer Kashner activated the emergency lights on his patrol vehicle and approached Plaintiff's car. Plaintiff extended his arms out of the open car window to show he was not a threat to the officer. When he arrived at the car, Officer Kashner grabbed Plaintiff by his extended arms and forcibly pulled him through the open window. Officer Kashner then threw Plaintiff onto the ground, handcuffed him, and searched his vehicle.

Count I of the Amended Complaint is a claim under 42 U.S.C. § 1983 for violation of Plaintiff's Fourth Amendment rights. (D.I. 10 at 7.) This is a motion to dismiss, so the Court must view the allegations in the light most favorable to Plaintiff. Viewed in that light, the Amended Complaint plausibly alleges that Officer Kashner unlawfully searched Plaintiff's vehicle and used excessive force in seizing Plaintiff. It is possible that discovery will reveal that Officer Kashner acted reasonably under the circumstances and that his actions did not amount to a violation of clearly established law, but the Court cannot make that determination at the motion to dismiss stage. *See Curley v. Klem*, 298 F.3d 271, 278 (3d Cir. 2002) ("[F]actual disputes often need to be resolved before determining whether the defendant's conduct violated a clearly established constitutional right.").

For the reasons discussed above, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (D.I. 14) is DENIED.

Dated: November 13, 2024

_____
The Honorable Jennifer L. Hall
United States District Judge